In re SUMMIT VENTURES, INC.,
A Corporation, Debtor.

Anthony IVANKOVICH, Appellant,

v.

John R. CANNEY, III, Appellee.

In re SUMMIT VENTURES, INC., Mt. Ascutney Associates, Robert Trent Jones, Jr. Golf and Conference Center, Summit Food Service, Inc., Summit of Brownsville Management Inc., Summit Realty, Inc., Mt. Ascutney Associates Realty Co. Inc., Summit Wastewater Co. Inc., and Summit Water Company, Inc.

Civ. A. No. 5:93–CV–272.

United States District Court,
D. Vermont.

Nov. 16, 1993.

Douglas J. Wolinsky, Saxer, Anderson, Wolinsky & Sunshine, Burlington, VT, for debtor Summit Ventures, Inc.

Gleb Glinka, Law Offices of Gleb Glinka, Cabot, VT, Jess T. Schwidde, Law Offices of Gleb Glinka, Rutland, VT, Michael P. Palmer, Palmer Legal Services, Middlebury, VT, Brian M. Fornek, Jerome, Wiener, Schain, Firsel & Burney, Chicago, IL, for appellant Ivankovich.

John R. Canney, III, pro se.

Kevin Purcell, U.S. Trustee, Albany, NY.

## OPINION AND ORDER

BILLINGS, District Judge.

This is an appeal from an Opinion and Order, dated September 1, 1993, and amend-

ed September 3, 1993, of the United States Bankruptcy Court for the District of Vermont, denying appellant Anthony Ivankovich's emergency motion to vacate sale of debtor's assets.

## BACKGROUND

On April 27, 1990, Appellee-debtor Mt. Ascutney Ski Resort filed a voluntary petition for relief under Chapter XI of Title 11, U.S.C. § 101, et seq. (1978) (Re-organization). On April 21, 1991, the Bankruptcy Court converted these proceedings to Chapter VII of the Bankruptcy Code (Liquidation),[1] and appointed John R. Canney, III, as Trustee.

From April, 1991, through May, 1993, the Trustee attempted without success to dispose of debtor's assets by private sale and by sealed bid auctions. On June 3, 1993, the Bankruptcy Court authorized the Trustee to sell the assets at public auction to the highest bidder, without reserve. Sale notices were published in the national media, and were mailed to more than five thousand people, as well as to all the parties appearing in the bankruptcy proceeding.

On June 25, 1993, Appellee Snowdance Ski Company bid successfully at public auction for debtor's assets with a bid of $1.1 million, plus Trustee's commission. Following a status conference on July 2, 1993, and a hearing confirming the sale on July 15, 1993, a copy of the Order confirming the sale was served on all parties who had filed appearances in the matter.

Some time thereafter, Appellant Anthony Ivankovich learned of the sale and ordered a transcript of the confirmation hearing. Appellant, who was a limited partner and equity holder in a party to this proceeding,[2] a creditor of debtor Mt. Ascutney Associates, and an unsecured creditor listed on debtor's Chapter XI petition,[3] did not receive official notice of the June 25 auction, or of the subsequent hearing confirming the sale.

Having learned from the Trustee that the sale closing was set for the week of August 23, 1993, on August 30, 1993, Appellant filed an emergency motion to vacate sale of debtor's assets, and for submission of competing offer. Appellant alleged that the confirmed sale was defective because Appellant: (1) did not receive notice of the conversion in 1991; (2) did not receive notice of the June 25 auction; and (3) would bid $2.2 million for the debtor's assets, or double the successful bid.[4]

The Bankruptcy Court heard Appellant's emergency motion on August 31, 1993. Before ruling on the motion, the Bankruptcy Court orally authorized the actual closing of the sale. The closing took place on September 1, 1993. Subsequently, on the same day, Appellant filed a motion for a temporary restraining order to prevent the closing from occurring. As the closing had, in fact, taken place, the Bankruptcy Court denied the restraining order and then filed its decision denying Appellant's motion to vacate.

Finally, the Bankruptcy Court amended its September 1 Order on September 3, 1993, by correcting the name of the successful bidder, Snowdance Ski Company. Appellant thereupon appealed the prior order to this Court the same day.

## DISCUSSION

Appellant seeks review of the Bankruptcy Court's Order of July 15, 1993, confirming the sale. Appellant's motion to vacate sale was in effect a motion pursuant to Fed.R.Civ.P. 60(b), and we review decisions under Rule 60(b) for abuse of discretion.

1. The motion to convert from Chapter XI to Chapter VII was done without notice to all creditors, pursuant to an Order of the Bankruptcy Court.

2. Appellant was a limited partner and equity holder in the Robert Trent Jones, Jr., Golf and Conference Center, a party to this proceedings.

3. Appellant is listed on debtor's Chapter XI petition as an unsecured creditor, without priority, because of prepetition rentals of his condominium unit in the amount of $10,336.50. In the Chapter XI proceedings, Appellant's name was listed on the official mailing matrix.

4. Assuming that the Appellant's offer became a sales price, the Appellant would still not receive any monies as an unsecured creditor, without priority.

*Browder v. Director, Dept. of Corrections of Ill.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978). Normally, only the decision refusing Fed.R.Civ.P. 60(b) relief is at issue in such review, *In re Alan Gable Oil Development Company,* 978 F.2d 1254 (4th Cir.1992), but if a reviewing court does consider the underlying determinations, factual findings are binding unless clearly erroneous, while conclusions of law are reviewed de novo. *In re Ionosphere Clubs, Inc.* 922 F.2d 984, 988–89 (2d Cir.1990), cert. denied, *Air Line Pilots Ass'n, Intern., AFL–CIO v. Shugrue,* —— U.S. ——, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991).

 Good faith purchasers in bankruptcy sales are explicitly protected in Section 363(m) of the Bankruptcy Code.[5] Although a strict reading of Section 363(m) limits its application to appeals, courts have extended the principle of it to motions to reconsider, *In re Pine Coast Enterprises, Ltd.,* 147 B.R. 30, 33 (Bankr.N.D.Ill.1992), and to Rule 60(b) motions, *Khan & Nate's Shoes No. 2, Inc. v. First Bank of Whiting,* 908 F.2d 1351, 1355 (7th Cir.1990).

The principle which animates Section 363(m) is that, absent bad faith, courts ought not break the promises made in bankruptcy sales. As the *Pine Coast* court stated:

> Good faith buyers of property from a bankruptcy estate must be assured that the sale is final and not subject to being upset by the bankruptcy court or appellate court on a whim. If no such assurances are received, the price the buyer will be willing to pay, and thus, the dividend to the creditors, will be reduced.

147 B.R. at 33.

We decline to overturn the Bankruptcy Court's Order of July 15, 1993. When it confirmed the sale on July 15, 1993, the Bankruptcy Court found that the auction process was fair, and that Snowdance Ski

Company was a purchaser in good faith. This Court finds no abuse of discretion in that determination. Snowdance, which has begun the difficult and extensive process of reopening the Mt. Ascutney Ski Area, thus lies within the protection afforded by Section 363(m) and its purchase may not be disturbed.[6]

### CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Order denying the emergency motion to vacate sale is hereby AFFIRMED.

SO ORDERED.

---

**5.** 11 U.S.C. § 363(m) provides as follows:
  (m) The reversal or modification of appeal of an authorization under sub-sections (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization, but an entity that purchases or leases such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

**6.** In view of our holding, we need not reach or review the issue of notice as it pertains to Appellant.